PATRICK E. PREMO (CSB No. 184915)
ppremo@fenwick.com
ERIC BALL (CSB No. 241327)
eball@fenwick.com
WILLIAM L. PIEROG (CSB No. 288431)
wpierog@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Plaintiff
TILE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRACKR, INC., and CHRISTOPHER HERBERT, <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT FOR (1) FEDERAL TRADEMARK INFRINGEMENT; (2) CYBERPIRACY; (3) VIOLATION OF FEDERAL UNFAIR COMPETITION LAW; (4) COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT; (5) VIOLATION OF CALIFORNIA STATUTORY UNFAIR COMPETITION LAW; AND (6) COMMON LAW UNFAIR COMPETITION** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

COMPLAINT

## INTRODUCTION

1. Plaintiff Tile, Inc. ("Tile") files this Complaint against TrackR, Inc. ("TrackR") and its CEO and co-founder, Christopher Herbert, (collectively, "Defendants") to enforce Tile's exclusive right to its name and marks. Tile has endured over a year's worth of unfair competition and unsavory business tactics directed by TrackR and its CEO. Although Defendants initially pledge to comply with Tile's requests and desist from the unfair business conduct, they eventually slip back into their old habits, including the willful infringement of Tile's trademark rights. One of Defendants' latest willful infringements is the registration and use of the www.thtileapp.com domain. Defendants have no justification for using this domain which is one letter different from Tile's domain at thetileapp.com. Defendants' improper domain is missing the "e" in the letter "the." Defendants' use of the thtileapp.com domain is classic typosquatting. Defendants are attempting to mislead and capture consumers who in seeking Tile's website mistakenly forget to type the "e" in "the."

2. Tile seeks, among other remedies, an injunction prohibiting Defendants from using Tile's name and marks and precluding Defendants' continued use of the website domain thtileapp.com. Tile further seeks damages and its attorneys' fees in connection with this litigation.

## THE PARTIES

3. Tile is a California company that develops and sells tracking devices that, with Tile's network and mobile application, help people locate the things that matter to them most. Tile maintains its headquarters at 2121 S. El Camino Real, San Mateo, California 94403. Tile sells throughout the United States and internationally, including in this judicial district.

4. Tile is informed and believes, and thereupon alleges, that TrackR is a California corporation, with its principal place of business at 19 W. Carrillo St., Santa Barbara, CA 93103. TrackR also sells tracking devices, including the TrackR Bravo and TrackR Atlas, that operate with TrackR's own mobile application. TrackR is a direct competitor of Tile.

5. Tile is informed and believes, and thereupon alleges, that Christopher Herbert is an individual and the CEO and Co-Founder of TrackR. Tile is further informed and believes, and

therefore alleges, that Christopher Herbert receives mail at a business address of 19 W. Carrillo St., Santa Barbara, CA 93103.

6. Tile is informed and believes, and thereupon alleges, that TrackR sells or directs the sale of TrackR products in this judicial district.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., including the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question); 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1338(b) (original jurisdiction over substantial state-law claims of unfair competition related to federal trademark claims). The Court also has supplemental jurisdiction over this case's state law claims pursuant to 28 U.S.C. § 1367, as they are part of the same case or controversy.

9. The Court has personal jurisdiction over Defendants because (i) a substantial portion of the events giving rise to this action occurred in this judicial district and (ii) Defendants purposefully and intentionally directed their actions at California, with the knowledge that injury would occur in this forum. For example, Defendants operate multiple websites targeting Internet users in California and specifically in this judicial district, including at least one website that uses a mark held by Tile. TrackR's websites also purport to provide information regarding the capacities of its goods, or "TrackR coverage," in the Northern District of California.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Defendants derive revenue from activity occurring in this judicial district.

## INTRADISTRICT ASSIGNMENT

11. Because this action involves intellectual property claims, it is not subject to specific intradistrict assignment.

/ / /

/ / /

COMPLAINT 2

## GENERAL ALLEGATIONS

### Tile's Business and Marks

12. Tile sells sleek, well-designed hardware and software that work together seamlessly to help users quickly and easily find lost items. Tile's CEO Mike Farley started the company to help people keep track of all the things that matter to them. Every user running the Tile app updates the location of each Tile device it detects. With more than 6 million Tiles sold and over half a million items found every day, Tile is a leading provider of tracking hardware and software, enabling a vast network for finding lost items.

13. In addition to the common-law trade name and trademark rights that Tile acquired by virtue of its use of the Tile name and mark, Tile enjoys rights from its federal trademark registrations with the United States Patent & Trademark Office. Tile's trademarks in the U.S. include the following registration for its name.

| Mark | Reg. No. | Reg. Date | Goods & Services |
| --- | --- | --- | --- |
| TILE | 4,672,426 | 1/13/2015 | computer hardware for localization; computer software for geolocation; computer software for creating an on-line community for users to provide assistance to other users, form virtual communities, and engage in social networking; computer peripheral devices for localization<br><br>computer services, namely, proving temporary use of online non-downloadable software for geolocation; computer services, namely, proving temporary use of online non-downloadable software for creating an on-line community for users to provide assistance to other users, form virtual communities, and engage in social networking |

14. Collectively, Tile's common law rights and registrations for its TILE name and mark are referred to as the "Tile Mark."

15. Tile has used the Tile Mark since at least as early as June 2013.

/ / /

COMPLAINT                                   3

16. The Tile Mark signify to customers and the public that the goods and services incorporating the marks meet the high standards and values for which Tile is known because the marks signify an association with Tile and its mission to provide sleek and well-designed tracking devices, high-performing tracking software, and extensive support services.

17. As a result of long-standing use and through extensive media coverage, the Tile Mark has gained wide and favorable recognition throughout the United States. Tile's goodwill in the Tile Mark is a valuable and important asset because it embodies Tile's reputation for timely delivery of well-designed, superior products and services.

18. The Tile Mark has become widely recognized and distinctive throughout the United States because of Tile's nationwide promotion and provision of goods and services under the Tile Mark and accompanying nationwide publicity and media attention to the goods and services that bear the Tile Mark.

**Defendants' Pattern and Practice of Unfair Competition, Including Infringing the Tile Mark and Tile's Commercial Rights**

19. Tile has worked to resolve multiple disputes with Defendants. Yet despite Tile's efforts involving considerable time and cost, Defendants continue to fail to meet their legal obligations.

20. On September 4, 2015, Tile informed Defendants that Defendant Christopher Herbert had been searching Twitter posts directed toward Tile to interfere with and poach Tile's current or prospective customers. Tile alerted Defendants that the CEO's attempts to pose as a neutral Twitter user, never disclosing his identity as a co-founder and CEO of TrackR, was misleading advertising and unfair competition.

21. On October 16, 2015, Tile informed Defendants that they needed to supply concrete details regarding any changes to TrackR's social media outreach practices to ensure that Defendants would not further infringe Tile's rights.

22. After receiving no response, on November 17, 2015, Tile reminded Defendants of their failure to reply and alerted them to Defendants' unlawful use of a Tile logo. This use was particularly likely to cause consumer confusion as Defendants placed it near three images of

TrackR products.

23. On December 22, 2015, Tile alerted Defendants to three TrackR-sponsored advertisements featuring Tile copyrighted images. One TrackR advertisement on Twitter contained an image of a Tile device in a person's hand. Defendants removed the advertisements, but failed to compensate Tile for the harm caused by their activities.

24. On January 14, 2016, counsel for Tile called counsel for TrackR regarding Tile logos on TrackR's fundraising webpage for the Atlas. Tile sent written confirmation on March 2, 2016. Later in March, defendants removed these images, but again did not compensate Tile for harm caused.

25. Tile is informed and believes, and thereupon alleges, that Defendants knowingly publish false or misleading advertising to promote and sell TrackR products. Tile's newest design, Tile Slim, is the thinnest Bluetooth tracker on the market, with a width of 2.34 millimeters. Tile is informed and believes, and thereupon alleges, that Defendants' TrackR Bravo has a width of 3.5 millimeters.

26. Despite the TrackR Bravo's greater width, on TrackR's website https://www.TrackR.com, Defendants state:

- "We looked at many different solutions and quickly realized that none of them would fit inside our wallets…. We have designed **the only device thin enough** to easily slip inside any wallet."[1]

- "Wallet Thin Design: TrackR bravo uses beautiful anodized aluminum construction for **the thinnest** and most durable **tracking device**."

27. Tile is informed and believes, and thereupon alleges, that TrackR, either directly or through delegation to an affiliate, has purchased advertising on social media websites such as Facebook and Twitter with similar language. Tile is further informed and believes, and thereupon alleges, that one such advertisement represented that the TrackR Bravo was "[t]he thinnest tracking device for items." Tile is informed and believes, and therefore alleges, that as the CEO and Co-Founder of TrackR, Christopher Herbert participated in or directed these TrackR advertisements on TrackR's website, fundraising page, and advertisements on social media.

---

[1] *See* TrackR's video at https://www.thetrackr.com/wallet.

COMPLAINT                                5

28. Tile is informed and believes, and therefore alleges, that Defendants advertise their products with the phrases "Thinnest Tracking Device" and "Better Than Tile" for internet search result purposes.

29. Tile is informed and believes, and thereupon alleges, that Defendant Herbert personally registered a website at the domain thtileapp.com (the "Unauthorized Website") to promote TrackR and sell TrackR products and that Defendants maintain that website. Tile is also informed and believes, and therefore alleges, that Defendants have historically used and continue to use the Tile Mark on the Unauthorized Website.

30. Tile is informed and believes, and thereupon alleges, that the Unauthorized Website purports to offer TrackR products for sale.

31. At the time of the filing of this Complaint, the Unauthorized Website advertises the expected performance of Defendants' products specifically in this judicial district, by providing information regarding "TrackR coverage" in the Northern District of California.

32. At some time on or before February 18, 2016, Defendants began using the Tile Mark on the webpages of the Unauthorized Website.

33. Defendants' use of the Unauthorized Website and the Tile Mark is likely to cause confusion, mistake or deception and create the erroneous impression that the Unauthorized Website and Defendants' services and commercial activities have a connection, source, sponsorship, or affiliation with Tile and its services. Such sales made through use of the Tile Mark are misleading to Tile's current or prospective customers, who believe they are buying merchandise from Tile, an authorized Tile reseller, or some other Tile affiliate.

34. Defendants do not have permission or authorization to use the Tile Mark in the advertising and promotion of their goods and services, including on the Unauthorized Website. Nor do Defendants have any permission or authorization to represent or imply that Tile is affiliated, connected, or associated with TrackR or the advertised goods on the Unauthorized Website. Tile is informed and believes, and thereupon alleges, that Defendants, instead of acting with permission or authorization, willfully intended to trade improperly on the recognition of the Tile Mark. Tile is informed and believes, and therefore alleges, that Defendant Christopher

Herbert knew that a customer would be likely to associate Defendants' use of Tile's mark in thtileapp.com with Tile, due to, without limitation, his prior communications with Tile's current and prospective customers on Tile's Twitter page "TheTileApp." Tile further believes, and therefore alleges, that Defendants were fully aware of the scope of Tile's trademark rights and Tile's objections to Defendants' use of Tile's trademarks, due to, without limitation, Tile's communication on November 17, 2015, January 14, 2016, and March 2, 2016.

35. Defendants' use of the Unauthorized Website and the Tile Mark deprives Tile of the ability to control and maintain the high quality of goods and services under the Tile Mark. Defendants' use of the Unauthorized Website and the Tile Mark has caused, and will continue to cause, a likelihood of confusion among the public by causing individuals to attribute incorrectly the quality and content of Defendants' offerings to Tile. That likelihood of confusion jeopardizes Tile's relationship with its current and prospective customers. That confusion also places Tile's valuable reputation in the hands of a competitor and its owner.

36. Defendants' use of the Unauthorized Website and the Tile Mark has caused, and continues to cause, irreparable injury to Tile and its reputation and goodwill, and unless enjoined it will cause further irreparable injury for which Tile has no adequate remedy at law.

37. Because Defendants undertook their use of the Unauthorized Website and unauthorized use of the Tile Mark with full knowledge of Tile's trademarks, ownership rights, and objection to Defendants' use, Defendants' use and infringement of the Tile Mark are willful and intentional.

38. Tile is informed and believes, and thereupon alleges, that as the CEO and Co-Founder of TrackR, Christopher Herbert participated in or directed the use of the Tile Mark and use of the Unauthorized Website. Tile is further informed and believes, and therefore alleges, that Christopher Herbert has a right and ability to control TrackR's use of the Tile Mark and use of the Unauthorized Website and has a direct financial benefit from these uses. Additionally, Tile is further informed and believes, and therefore alleges, that Defendant Herbert has the ability to control TrackR's infringing and misleading activity, including TrackR's use of the Tile Mark and use of the Unauthorized Website, that Herbert had a partnership with TrackR, and that he has the

ability to bind TrackR in transactions with third parties.

39. Tile is informed and believes, and thereupon alleges, that as the CEO and Co-Founder of TrackR, Herbert intentionally induced TrackR's use of the Tile Mark and use of the Unauthorized Website.

40. Tile is informed and believes, and therefore alleges, that Defendants' use of the Unauthorized Website and the Tile Mark represents only part of a larger pattern and practice by Defendants to confuse and mislead the public. Defendants' refusal to address Defendants' trademark infringement, unfair competition, and other violations of Tile's rights as discussed above, further contributes to this scheme.

41. Tile seeks damages and the injunctive relief of preventing Defendants from using the Tile Mark and the Unauthorized Website (including the thtileapp.com domain name) without authorization.

## CLAIMS FOR RELIEF

## FIRST CLAIM

### (Trademark Infringement and Counterfeiting – Federal Law)

42. Tile incorporates all paragraphs above by reference.

43. Before engaging in their infringements, Defendants had actual knowledge of Tile's ownership of and exclusive right to use the registered Tile Mark. Defendants continue to maintain the Unauthorized Website and to use the registered Tile Mark without authorization.

44. Defendants' acts constitute trademark infringement and counterfeiting of the registered Tile Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45. Defendants have not obtained a license or permission from Tile to use the registered Tile Mark. Nor have they sought to do so.

46. Defendants' use of counterfeit(s) of the registered Tile Mark is likely to cause confusion, mistake, or deception and create the erroneous impression that Defendants' goods, services, and commercial activities have a connection, source, sponsorship, or affiliation with Tile or Tile's goods and services.

///

47. As a result of Defendants' wrongful conduct, Tile has suffered harm to the registered Tile Mark and its reputation.

48. Defendants' actions in violation of Tile's trademark rights, including their use of counterfeit(s) of the registered Tile Mark, have been deliberate, willful, and in disregard of Tile's rights.

49. Tile has no adequate remedy at law for Defendants' continuing violation of Tile's rights.

50. Tile has suffered irreparable harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

51. As a consequence of Defendants' actions, Tile is entitled to the relief requested below.

## SECOND CLAIM

### (Cyberpiracy – Federal Law)

52. Tile incorporates all paragraphs above by reference.

53. Tile is informed and believes, and thereupon alleges, that Defendants registered the domain name "thtileapp.com" for the Unauthorized Website during or before February 2016.

54. The domain name for the Unauthorized Website incorporates Tile's name. The domain name for the Unauthorized Website is also nearly identical to and confusingly similar to the following website domain operated by Tile: www.thetileapp.com.

55. Tile is informed and believes, and therefore alleges, that Defendants have exhibited bad faith intent to profit from the Tile Mark by, among other things: (1) Defendants' exploitation of Tile's Tile name in the thtileapp.com domain name; (2) Defendants' use of the domain to operate the Unauthorized Website that contains advertising and products for sale without Tile's sponsorship or approval; (3) Defendants' lack of any trademark, name, or other intellectual property rights in the Unauthorized Website's domain; and (4) Defendants' pattern and practice of infringing the Tile Mark and Tile's commercial rights.

56. Defendants' operation of the Unauthorized Website is cyberpiracy in violation of Tile's rights under Section 43(d)(1) of the Lanham Act, 15 U.S.C. § 1125(d)(1). Defendants'

COMPLAINT                                9

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

actions have been knowing, deliberate, willful, intentional, and malicious in light of Tile's rights, and the ongoing dispute between Tile and Defendants.

57. As a result of Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1), Tile has suffered damages in an amount to be determined at trial. Pursuant to 15 U.S.C. § 1117, Tile is further entitled to treble damages and attorneys' fees and costs.

58. Under 15 U.S.C. § 1117(d), Tile may elect, at any time before final judgment is entered by the trial court, to recover, instead of actual damages and profits for Defendants' violation of 15 U.S.C. § 1125(d)(1), an award of statutory damages of up to $100,000, as the Court considers just.

59. As a result of Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1), Tile has suffered, and will continue to suffer, irreparable harm. Tile's remedy at law is not by itself adequate to repair the harm from Defendants' actions, and the irreparable harm that Tile suffers will continue unless this Court enjoins Defendants' ownership and use of the domain and operation of the Unauthorized Website. Tile therefore is entitled to protection by injunctive relief, including transfer of the domain thtileapp.com to Tile.

## THIRD CLAIM

### (Unfair Competition – Federal Law)

60. Tile incorporates all paragraphs above by reference.

61. Defendants' actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

62. Defendant's use of the Tile Mark is likely to cause confusion, mistake, or deception and create the erroneous impression that Defendants and their goods and services are affiliated, connected, or associated with Tile.

63. Tile has suffered harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

64. As a consequence of Defendants' violations, Tile is entitled to the relief requested below.

/ / /

## FOURTH CLAIM

**(Trademark and Trade Name Infringement – California Common Law)**

65. Tile incorporates all paragraphs above by reference.

66. Tile owns and has valid common-law rights in the Tile Mark in connection with the offer and provision of its services.

67. Defendants have not obtained a license or permission from Tile to use the Tile Mark, nor have they sought to do so.

68. Defendants' use of the Tile Mark infringes upon Tile's common law trademark and trade name rights; is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, affiliation, sponsorship and/or quality of Defendants' services and commercial activities; and is likely to confuse the public into believing that Tile was or is the source or sponsor of Defendants' services, website, domain name, commercial activities, and business in violation of the common law. These actions thereby damage Tile and the public.

69. Defendants knew or, in the exercise of reasonable care, should have known that their conduct was likely to mislead the public and harm Tile.

70. Defendants deliberately used mark(s) identical or nearly identical and confusingly similar to Tile's Mark for the purpose of misappropriating Tile's extensive goodwill and causing confusion, mistake, or deception among consumers and the public. Tile is informed and believes, and thereupon alleges, that Defendants' violations of Tile's common law trademark and trade name rights were knowing, deliberate, willful, malicious, oppressive, and fraudulent.

71. Tile has no adequate remedy at law for Defendants' continuing violation of Tile's rights.

72. Tile has suffered irreparable harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

73. As a consequence of Defendants' actions, Tile is entitled to the relief requested below.

/ / /

/ / /

# FIFTH CLAIM

## (False Advertising and Unfair Competition – California Statute)

74. Tile incorporates all paragraphs above by reference.

75. Defendants' actions constitute false advertising and unfair competition in violation of California Business & Professions Code §§ 17500 *et seq.* and 17200 *et seq.*

76. Defendants' use of the Tile Mark and advertisements regarding the "thinnest" device are likely to cause confusion, mistake, or deception and to create the erroneous impression that Defendants and their goods and services have an affiliation, connection, or association with Tile.

77. Tile is informed and believes, and thereupon alleges, that Defendants have obtained money or property through their misconduct that rightly belongs to Tile and that they have deprived Tile of that money or property.

78. Tile has suffered harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

79. As a consequence of Defendants' actions, Tile is entitled to the relief requested below.

# SIXTH CLAIM

## (Unfair Competition – California Common Law)

80. Tile incorporates all paragraphs above by reference.

81. Defendants' unauthorized use of the Tile Mark and/or of advertisements regarding the "thinnest" device constitutes unfair competition in violation of the common law of California. For example, by using the Tile Mark, Defendants are attempting to claim or pass off the Unauthorized Website and its advertised products as coming from or having an association with Tile. Defendants' false and misleading description of the TrackR Bravo also attempts to draw an association with Tile and/or unlawfully deprive Tile of sales.

82. Tile has no adequate remedy at law for Defendants' continuing violation of Tile's rights.

/ / /

83. Tile has suffered irreparable harm and damage by Defendants' wrongful acts, and that damage will continue unless the Court enjoins Defendants' actions.

84. As a consequence of Defendants' actions, Tile is entitled to the relief requested below.

**PRAYER FOR RELIEF**

WHEREFORE, Tile asks the Court for a judgment against Defendants TrackR and Christopher Herbert as follows:

1. Permanently enjoining Defendants, including all officers, agents, servants, employees, and attorneys of TrackR, as well as their successors and assigns, and all persons acting in active concert or participation with any of them, who receive actual notice of the Order of this Court, from using the Tile Mark or advertising regarding the "thinnest" device, on any website, in advertising or promotional materials, in connection with the sale of their goods or services, or in any other fashion in commerce;

2. Ordering Defendants to transfer the domain name thtileapp.com to Tile;

3. Ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction or impoundment, or to show proof of destruction or impoundment, to eliminate the infringing matter in all articles, documents, files, advertisements, promotional items, servers, other storage media, systems, or other matter in their possession, custody, or control that infringe or otherwise violate Tile's rights in the Tile Mark;

4. An award of three times Tile's actual damages, Defendants' profits and costs of suit;

5. An award, if Tile elects, of treble damages under 15 U.S.C. § 1117(b) for Defendants' use of a counterfeit mark;

6. An award, if Tile elects, of statutory damages of $2,000,000 per counterfeit mark under 15 U.S.C. § 1117(c) for Defendants' violation of 15 U.S.C. § 1114;

7. An award, if Tile elects, of statutory damages of $100,000 for Defendants' cyberpiracy in violation of 15 U.S.C. § 1125(d)(1);

///

COMPLAINT                                              13

8. An award of restitution to Tile of all money, property, and profits that Defendants have diverted from Plaintiff or that Defendants have unlawfully gained;

9. An award of attorneys' fees and costs in this exceptional case, as the Lanham Act authorizes;

10. Pre- and post-judgment interest on any monetary award; and

11. Any other relief that this Court deems just and proper.

Dated: October 14, 2016            FENWICK & WEST LLP

By: */s/ Patrick E. Premo*
    Patrick E. Premo
Attorneys for Plaintiff
TILE, INC.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims.

Dated:   October 14, 2016                FENWICK & WEST LLP

By: */s/ Patrick E. Premo*
       Patrick E. Premo

Attorneys for Plaintiff
TILE, INC.